Filed 6/24/13  Marriage of Stawicki CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re Marriage of KELLIE and EARL STAWICKI. | |
| KELLIE STAWICKI,<br><br>    Respondent,<br><br>        v.<br><br>EARL STAWICKI,<br><br>    Appellant. | G047141<br><br>(Super. Ct. No. 10D001861)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Mark Millard, Judge.  Affirmed.

Shafer & Associates and Mark H. Shafer for Appellant.

No appearance for Respondent.

\*          \*          \*

In this marital dissolution matter, Earl Stawicki appeals from a judgment after trial. He contends the superior court erred when it made two evidentiary rulings. Kellie Stawicki did not file a brief in this court.[1]

With regard to the court's first ruling, Earl states: "On May 3, 2012, the second day of trial, Respondent's counsel marked for identification Exhibit A . . . , Exhibit B . . . , and Exhibit C . . . . Exhibits A, B, and C were official written communications from the Internal Revenue Service, bearing the seal of the IRS. Counsel for Respondent moved the Court to allow Exhibits A through C into evidence, while counsel for Petitioner objected based on hearsay . . . . The Court sustained Petitioner's objection . . . ." [Fn. omitted.]

The record on appeal contains no exhibits. The clerk's transcript from the superior court, which was received by this court on October 3, 2012, contains a clerk's note which states: "The Superior Court is not in possession of designated Respondent's Exhibit Nos. A, B and C and all have been omitted."

With regard to the reporter's transcript, the following colloquy took place between the court and counsel:

"[Earl's counsel]: I move to move exhibits A, B and C into evidence.

"[Kellie's counsel]: Object, your Honor, on the basis of hearsay with no proper exception for any three of the documents.

"The Court: Sustained.

"[Earl's counsel]: The foundation has been laid, your Honor, and I object to the ruling on that.

"The Court: Okay.

"[Earl's counsel]: Now I'm going to go to some things --

"[The court]: It's still not authenticated as far as the court is concerned.

---

[1] Because both parties have the same name, we refer to them by their first names. No disrespect is intended.

"[Earl's counsel]:  I understand, your Honor."

We see nothing further in the record on appeal with regard to exhibits A, B or C.  Nor does Earl cite to any more discussions of the exhibits in the record.

Accordingly, Earl is arguing about documents which were marked as exhibits but never admitted into evidence, and copies of which are not part of the appellate record.  It was Earl's burden, as the appellant, to present an adequate record for review.  (*Dawson v. Toledano* (2003) 109 Cal.App.4th 387, 402.)  It was also his burden to cite this court to the portions of the record which support his argument.  (California Rules of Court, rule 8.204.)  Under the circumstances we find in this record, we conclude Earl has waived his first claim of error.

Earl next argues:  "The judge committed prejudicial error by not allowing Dr. Alex Naghibi to testify at trial regarding the tax issues of the community estate."

The entire testimony of Naghibi is as follows:

"[Earl's counsel]:  Dr. Naghibi, what education do you have?

"[Naghibi]:  I have a bachelor's degree and masters and Ph.D in administration and a law degree.

"[Earl's counsel]:  But you're currently not an attorney in California; is that correct?

"[Naghibi]:  I'm waiting for my license or my bar exam result on the 18th.

"[Earl's counsel]:  But you have been communicating with the IRS in gathering information on behalf of Mr Stawicki; is that right?

"[Naghibi]:  Yes, I have.

"[Earl's counsel]:  And in your communication with the IRS, have they stated that you owe — that he owes money to the IRS?

"[Kellie's counsel]:  Objection.  Hearsay.

"[Earl's counsel]:  He is stating it from his own personal communication from the IRS.

3

"[The Court]:  That's why I was wondering what his expertise.  Is he somehow related - -

"[Earl's counsel]:  He has personal knowledge of the tax – he has been gathering the information and also providing all the documentation that the IRS has requested regarding the back taxes owed by the business, which is community property.

"[The Court]:  Well, I'm just wondering what the exception is going to be to the hearsay rule.  And that's why I tried to determine is he an expert on tax or something.  That's what I'm waiting for.

"[Earl's counsel]:  Are you an expert on taxation?

"[Naghibi]:  I'm not an expert in taxation, but I - -

"[Kellie's counsel]:  Objection.  Nonresponsive after, 'I'm not an expert in taxation.'

"[Earl's counsel]:  I have no further questions.

"[The court]:  All right.

"[Kellie's counsel]:  Nothing, your Honor.

"[The court]:  You may step down."

The state of the record is that the court requested Earl's counsel to cite authority to support the use of Naghibi as a witness to issues in the matter.  Instead of responding to the court's inquiry, or otherwise making an offer of proof, or even waiting until the court ruled on opposing counsel's objection, Earl's counsel opted to say he had no further questions.

Now, on appeal, Earl argues the court committed prejudicial error.  "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous exclusion of evidence unless the court which passes upon the effect of the error or errors is of the opinion that the error or errors complained of resulted in a miscarriage of justice and it appears of record that:  [¶] (a) The substance, purpose, and relevance of the excluded evidence was made known to the

4

court by the questions asked, an offer of proof, or by any other means; [¶] (b) The rulings of the court made compliance with subdivision (a) futile; or [¶] (c) The evidence was sought by questions asked during cross-examination or recross-examination." (Evid. Code, § 354.) Since Earl did not preserve his second claim of error for appeal, we deem this issue to be waived as well

The judgment is affirmed. Appellant shall bear his own costs on appeal.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.

5